| | |
|---|---|
| RONNIE KEITH HARRELL,<br><br>Plaintiff,<br><br>v.<br><br>T. BEMILLER, ET AL.,<br><br>Defendants. | Case No. CV 19-101-CJC (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## I.
## **INTRODUCTION**

Ronnie Keith Harrell ("Plaintiff"), proceeding pro se, filed a Complaint pursuant to 18 U.S.C. § 1983 ("Section 1983") against defendant T. Bemiller ("Defendant") in his individual and official capacities for violation of Plaintiff's First, Eighth, and Fourteenth Amendment rights. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **PLAINTIFF'S COMPLAINT**

On December 25, 2018, Plaintiff, who is currently, and at all relevant times was, incarcerated at California State Prison – Los Angeles County ("CSP-LAC"),

constructively filed[1] a Complaint against Defendant in his individual and official capacities. ECF Docket No. ("Dkt.") 1. In the Complaint, Plaintiff alleges Defendant used excessive force and retaliated against him in violation of the First, Eighth, and Fourteenth Amendments.[2] Id.

According to the Complaint, a "few we[e]ks prior" to April 27, 2018, Plaintiff filed a complaint with the American Disability Department of the Department of Justice ("DOJ Complaint"). Dkt. 1 at 8-9. On April 27, 2018, while Plaintiff was waiting to be let back into his unit, Defendant, a correctional officer assigned to Plaintiff's unit, began questioning Plaintiff about the DOJ Complaint. Id. at 10. When Plaintiff refused to discuss the DOJ Complaint, Defendant "became very upset and made sarcastic threatening remarks to Plaintiff." Id. "Starting the next day and from that point on [D]efendant began slamming [P]laintiff[']s cell door in a way that would catch and hit [P]laintiff with the heavy cell door". Id. Plaintiff asked Defendant on three separate occasions to stop hitting him with the cell door. Id. at 10-11.

On May 9, 2018, Defendant struck Plaintiff with the door, knocking Plaintiff against the cell wall and injuring Plaintiff's shoulder. Dkt. 1 at 11. On May 10, 2018, Plaintiff filed a grievance against Defendant for excessive force. Id. On May 17, 2018, Defendant was interviewed by the program Sergeant regarding the grievance

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] The gravamen of the Complaint is that Defendant subjected Plaintiff to cruel and unusual punishment and retaliation in violation of the First and Eighth Amendments, made applicable to the States by the Fourteenth Amendment. See Estelle v. Gamble, 429 U.S. 97, 101-02, 97 S. Ct. 285, 289-90, 50 L. Ed. 2d 251 (1976) (citing Robinson v. California, 370 U.S. 660, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962)). The Court, thus, analyzes Plaintiff's Complaint under the First and Eighth Amendment because there do not appear to be any facts to support a separate Fourteenth Amendment due process claim.

and afterward returned to his post in Plaintiff's unit and began making jokes about the "[e]ntire thing" over the loudspeaker. Id. at 12.

Since April 28, 2018 Defendant has continued to close the cell door on Plaintiff and retaliated against Plaintiff for filing the grievance in several ways. Dkt. 1 at 12. For example, when Plaintiff would ask to take a shower after work as he and the other inmates working as porters normally would, Defendant would permit the other inmates to shower, but would say to Plaintiff "did you file on me? . . .You gotta get that shower from someone else." Id. In addition, Defendant would permit the inmate porters to make phone calls during work, but would not permit Plaintiff to make phone calls, stating "[y]ou filed on me no you[']re not getting a call." Id. at 13.

On August 10, 2018, Defendant shut the cell door on Plaintiff so fast that Plaintiff's cane was caught in the door and hit [P]laintiff in the bend of his leg[]s and caused Plaintiff to fall to the ground very hard and strike his elbow very hard on the cement floor of the cell." Id. at 14-16. Plaintiff's elbow swelled, but when Plaintiff asked Defendant for medical attention Defendant ignored his requests. Id. at 16.

On August 31, 2018, Defendant "surprisingly" permitted Plaintiff to take a shower, but when Plaintiff had soap all over himself and in his eyes, Defendant turned off the water. Dkt. 1 at 17. Plaintiff was forced to "exit the shower naked and search the dayroom for the sink so he could rinse the burning shampoo body wash out of his eye[]s." Id. at 18. "Inmates throughout the unit started making jokes and cat calls about Plaintiff." Id.

Plaintiff sets forth the following claims under the First and Eighth Amendments, claiming Defendant:

- injured Plaintiff's shoulder by closing the cell door in retaliation for filing the DOJ Complaint;
- injured Plaintiff's elbow by closing the cell door in retaliation for filing a prison grievance against Defendant;

3

- sexually harassed Plaintiff by forcing him to go out into the dayroom naked in retaliation for filing a grievance against Defendant; and
- cut Plaintiff off from phone calls in retaliation for filing a grievance against Defendant.

Plaintiff seeks compensatory and punitive damages as well as declaratory and injunctive relief. Dkt. 1 at 23.

## III.

## **STANDARD OF REVIEW**

As Plaintiff was incarcerated at the time he filed his Complaint, the Court must screen the complaint under 28 U.S.C. § 1915A ("Section 1915A") and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(A); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Olvas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1284 (9th Cir. 2017) (observing that if a plaintiff is a prisoner at the time he files his complaint, screening is required under Section 1915A).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely

4

conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///

///

# IV.

# **DISCUSSION**

## **A. THE ELEVENTH AMENDMENT BARS ALL CLAIMS AGAINST DEFENDANT IN HIS OFFICIAL CAPACITY FOR MONETARY DAMAGES**

### **1. Applicable Law**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). As to state officials sued in their official capacity, the Eleventh Amendment immunizes state officials sued in their official capacity from claims for retrospective relief (including monetary damage claims) but does not immunize them from claims for prospective relief (such as forward-looking injunctive relief). Kentucky v. Graham, 473 U.S. 159, 169-70, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908).

### **2. Analysis**

Here, the Eleventh Amendment bars Plaintiff from pursuing claims that seek monetary relief against Defendant, a state employee, in his official capacity. See Kentucky v. Graham, 473 U.S. at 169–70 (holding the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity"). Thus, Plaintiff is barred from bringing claims for monetary damages against Defendant in his official capacity.

///

///

///

///

B.  **THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM OF SEXUAL HARASSMENT**

   1. **Applicable Law**

   The Eighth Amendment protects inmates from repetitive and harassing searches and sexual abuse. Hudson v. Plamer, 468 U.S. 517, 530, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). In general, however, allegations of verbal harassment or abuse do not state a cognizable Section 1983 claim. Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997). Verbal abuse and sexual comments, without more, do not result in an Eighth Amendment claim. Schwenk v. Hartford, 204 F.3d 1187, 1197-98 (9th Cir. 2000); see Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (holding directing vulgar language at prisoner does not state constitutional claim).

   2. **Analysis**

   Here, Plaintiff alleges he was sexually harassed when Defendant turned off the water while Plaintiff was in the shower covered in soap, forcing Plaintiff to exit the shower and search the dayroom for a sink while he was naked and resulting in jokes and cat calls from other inmates in the dayroom. Dkt. 1 at 17-18. However, claims of verbal abuse, without more, do not rise to the level of an Eighth Amendment violation. See Schwenk, 204 F.3d at 1197-98; Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) (finding female guards "gawking, pointing, and laughing" at naked male inmates while they were showering did not violate the Eighth Amendment). Accordingly, Plaintiff's Eighth Amendment claim against Defendant for sexual harassment is subject to dismissal.

C.  **THE COMPLAINT FAILS TO STATE AN EIGHTH AMENDMENT CLAIM FOR DENIAL OF PHONE CALLS**

   1. **Applicable Law**

   Under the Eighth Amendment, prison officials must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d

811 (1994); DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 199-200, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

To determine whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective prong of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation – i.e., the more basic the need, the shorter the time it can be withheld. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). "Although the routine discomfort inherent in the prison setting is inadequate to satisfy the objective prong of an Eighth Amendment inquiry, those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (internal quotations omitted).

For the subjective prong of the Eighth Amendment claim, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Whether an official possesses a sufficiently culpable state of mind "'is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence.'" Johnson, 217 F.3d at 734 (quoting Farmer, 511 at 842).

**2. Analysis**

Here, Plaintiff alleges he was not able to call his sick wife or make necessary arrangements after his brother's death because Defendant denied Plaintiff permission to make phone calls. Dkt. 1 at 13-14. A phone call, however, has not been recognized as a basic necessity of life. See Farmer, 511 U.S. at 832. Accordingly, Plaintiff's Eighth Amendment claim against Defendant for denying Plaintiff access to phone calls is subject to dismissal.

# V.
# **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.** Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district

9

court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

    2.    Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: February 15, 2019

*/s/ Kenly Kato*
HONORABLE KENLY KIYA KATO
United States Magistrate Judge